IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHRISTINA HALE                                                                                  PLAINTIFF

V.                              NO. 4:23-CV-00314-JTK

SOCIAL SECURITY ADMINISTRATION                                          DEFENDANT

**ORDER**

**I.   Introduction:**

Plaintiff, Christina Hale ("Hale"), applied for supplemental security income on December 8, 2020. (Tr. at 12). In the application, Hale alleged disability beginning on July 14, 2018.[1] *Id*. The application was denied initially and upon reconsideration. *Id*. After conducting a hearing, an Administrative Law Judge ("ALJ") denied Hale's application by written decision dated April 26, 2022. (Tr. at 12-24). The Appeals Council declined to review the ALJ's decision. (Tr. at 1-6).

The ALJ's decision now stands as the final decision of the Commissioner, and Hale has requested judicial review. For the reasons stated below, the Court[2] reverses the ALJ's decision and remands for further review.

**II.   The Commissioner's Decision:**

The ALJ found that Hale had not engaged in substantial gainful activity since

---

[1] Hale subsequently amended her alleged onset date to December 8, 2020. (Tr. at 12).

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

the application date of December 8, 2020.[3] (Tr. at 14). At Step Two, the ALJ found that Hale had the following severe impairments: post-traumatic stress disorder ("PTSD"), bipolar disorder, anxiety disorder, major depressive disorder, schizoaffective disorder, unspecified neurodevelopmental disorder, disorder of the lumbar spine, and obesity. (Tr. at 15).

At Step Three, the ALJ determined that Hale's impairments did not meet or equal a listed impairment.[4] (Tr. at 15-19). Before proceeding to Step Four, the ALJ determined that Hale had the residual functional capacity ("RFC") to perform work at the medium exertional level, with some additional limitations: (1) she can make simple work-related decisions; (2) she can maintain concentration, persistence, and pace for simple tasks; (3) she can understand, carry out, and remember simple work instructions and procedures; (4) she can adapt to changes in the work setting that are simple, predictable, and can be easily explained; (5) she can have occasional interaction with coworkers and supervisors; (6) she can have occasional interaction

---

[3] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

[4] 20 CFR Part 404, Subpart P, Appendix 1.

with the public; and (7) she can respond appropriately to supervision. (Tr. at 19).

Hale had no past relevant work. (Tr. at 23). Utilizing the testimony of a Vocational Expert ("VE"), the ALJ next determined that, based on Hale's age, education, work experience, and RFC, she was able to perform a number of jobs in the national economy. (Tr. at 23-24). Therefore, the ALJ concluded that Hale was not disabled. *Id*.

### III. Discussion:

#### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

B. Hale's Arguments on Appeal

Hale contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. She argues that the ALJ failed to properly evaluate the medical opinions. The Court agrees that the ALJ erred.

The basis of this reversal relates to Hale's mental impairments.[5] Listed above are Hale's severe mental impairments, which required medication management. Hale testified at the hearing that she was unable to work due to severe panic attacks that occur when she is around people. (Tr. at 17, 38-42). She said she starts to cry for no reason, and she shakes when she is around others. *Id*. Hale has a hard time

---

[5] See *Noerper v. Saul*, 964 F.3d 738, 741 (8th Cir. 2020) ("Although our detailed discussion is targeted, we have considered the claimant's arguments and the record as a whole as to all of her impairments and their cumulative effect on her limitations.")

focusing and processing information. *Id*.

Hale was in outpatient mental health treatment from 2020 to 2022. (Tr. a 410-419, 457-547). In January 2022, she told her counselor that her children had been removed from her care, and the counselor noted that Hale was making little progress on her treatment goals. (Tr. at 546).

On April 1, 2021, Kristi Ketz, Ph.D., performed a mental diagnostic evaluation of Hale. (Tr. at 436-443). She noted that Hale had been in jail several times. *Id*. Hale said that she was not able to keep a job for long, although she tried. *Id*. Hale said it was because she could not keep pace with the work requirements. *Id*. Dr. Ketz assessed functional restrictions: (1) Hale had a decreased capacity to cope with the typical mental/cognitive demands of basic work-like tasks; and (2) Hale had a decreased capacity to complete work-like tasks within an acceptable time frame. (Tr. at 441-442). These limitations align with Hale's testimony.

The ALJ did discuss Dr. Ketz's opinion, but he never stated whether it was persuasive or not.[6] This was harmful error, because at Step Five, the ALJ asked if

---

[6] ALJs are required to analyze whether opinion evidence is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [which includes; (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. See 20 C.F.R. § 404, 1520c(a)-(c)(2017). An opinion is more persuasive if it is consistent with and supported by the medical evidence as a whole. 20 C.F.R. § 416.920c(c)(1-2) (2017); *Bonnett v Kijakazi*, 859 Fed. Appx. 19 (8th Cir. 2021); *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) An ALJ must give good

Hale could perform jobs if she could not complete work tasks in a timely manner (a question which incorporated Dr. Ketz's restrictions). (Tr. at 55-56). The VE said there would be no jobs at all in the national economy that Hale could perform with that restriction. How the ALJ perceived the two specific limitations from Dr. Ketz mattered, because if he found them persuasive and incorporated them into the RFC, no jobs would be available, and Hale would be disabled. The ALJ did not rule on the persuasiveness of Dr. Ketz's opinion, and this frustrates meaningful judicial review.[7] Reversal is warranted.

## IV.   Conclusion:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ erred in his treatment of Dr. Ketz's medical opinion. The decision is hereby reversed and the case remanded with instructions for further review.

---

reasons for his findings about an opinion's persuasiveness. *Id*.

Two state-agency mental health experts review the records and found that Hale had mild-to-moderate mental function limitations and limited her to very simple work with direct supervision. (Tr. at 91-110). The ALJ found these opinions persuasive but did not adopt all of their restrictions in the RFC. (Tr. at 22-23).

[7] *Healy v. Kijakazi*, No. 20-CV-03304-WBG, 2022 U.S. Dist. LEXIS 59527 *7, 2022 WL 987749 (W.D. Mo. March 31, 2022) (reversal required where ALJ did not rule on persuasiveness of medical opinion).

IT IS SO ORDERED this 31st day of January, 2024.

_____
UNITED STATES MAGISTRATE JUDGE